E-FILED
Monday, 09 February, 2009  08:18:28 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| NANCY ROOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09- |
| ) | |
| ) | |
| LINCOLN COLLEGE, ) | |

**COMPLAINT**

COMES NOW the Plaintiff, NANCY ROOP, by her attorneys, Costigan & Wollrab, P.C. and for her Complaint against Defendant, LINCOLN COLLEGE, hereby alleges as follows:

**COUNT I (VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT)**

# I. JURISDICTION

1. This action is brought under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq. which together with 28 U.S.C. §1331 vests this Court with jurisdiction.

2. Plaintiff has received a right to sue letter from the U.S. Equal Employment Opportunity Commission. A copy of the letter is attached hereto, marked as Exhibit "A", and made a part of this Complaint.

3. This Complaint is being brought within ninety (90) days of the Plaintiff's receipt of the right to sue letter.

**II. VENUE**

4. Venue is properly placed in the Central District of Illinois under 28 U.S.C. §1391(b) as the Plaintiff resides in McLean County, the Defendant does business in counties in the Central District of the State of Illinois and the acts complained of occurred in Normal, McLean County, Illinois.

**III. PARTIES**

5. The Plaintiff, NANCY ROOP, is a citizen of the United States and a resident of Normal, Mclean County, Illinois. Plaintiff is over the age of 40.

6. The Defendant, LINCOLN COLLEGE is a corporation, recognized under the statutes of this State and authorized to transact business in the State of Illinois.

7. The Defendant, LINCOLN COLLEGE, is an employer, within the meaning of the Age Discrimination in Employment Act of 1967, as amended, and is engaged in a business affecting commerce and has in excess of twenty employees for purposes of applying said Act.

**IV. FACTUAL ALLEGATIONS**

8. The Plaintiff, NANCY ROOP (hereinafter "ROOP") was employed by the Defendant, LINCOLN COLLEGE, from August 19, 1989 to June 12, 2007.

9. The Plaintiff, ROOP, was born in the United States on June 9, 1954. When ROOP's employment with Defendant terminated, she was 53 years old and thus over the age of 40.

10. ROOP was employed as an instructor and/or director for LINCOLN COLLETGE in connection with the college's Travel and Tourism program.

11. ROOP was employed during that time frame pursuant to annual academic contracts that stated her terms and conditions of employment.

12. ROOP worked pursuant to an academic contract for the school year 2006-2007.

13. LINCOLN COLLEGE directed ROOP that since the college was approved to offer a new Bachelor's degree in Tourism, Sports, Hospitality Management, she would need to obtain a Master's Degree in that discipline.

14. ROOP consulted with the administration of LINCOLN COLLEGE as to which Master's program she was going to attend.

15. LINCOLN COLLEGE approved ROOP attending the Master's Degree program through Madison University.

16. ROOP completed her Master's Degree from Madison University prior to May 2007 at which time LINCOLN COLLEGE informed her that Madison University was not properly accredited and that LINCOLN COLLEGE would not recognize ROOP's Master's Degree through Madison University as an acceptable degree.

17. LINCOLN COLLEGE offered ROOP an academic contract for the school year 2007-2008 with undefined terms and conditions of employment.

18. LINCOLN COLLEGE required ROOP to recruit students for the first time as a condition of her employment but failed to define that term or provide her with guidance as to the new recruiting goal.

19. LINCOLN COLLEGE also required ROOP to complete a second master's degree as a condition of employment after she had already completed a master's degree

in 2006-2007 pursuant to LINCOLN COLLEGE's direction which LINCOLN COLLEGE unilaterally decided was unacceptable after ROOP had completed it.

20. During the course of her employment with LINCOLN COLLEGE, ROOP was discriminated against by LINCOLN COLLEGE as she was subjected to different terms and conditions of employment from similarly situated employees and terminated by the LINCOLN COLLEGE on June 12, 2007.

21. ROOP's age was a substantial or motivating factor in LINCOLN COLLEGE's decision to treat her less favorably than younger employees and terminate her.

22. At the time of her discharge, LINCOLN COLLEGE informed ROOP that she could not continue her employment without obtaining a Master's Degree and accept undefined terms and conditions of employment including an undefined recruiting goal.

23. ROOP's job assignment was transferred to younger instructors in different departments who did not have a master's degree in the travel and tourism field.

24. By terminating ROOP, LINCOLN COLLEGE has willfully and intentionally discriminated against ROOP on the basis of her age.

## V. LEGAL CLAIM

25. LINCOLN COLLEGE has violated ROOP's rights under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq. by discriminating against ROOP because of her age in that ROOP's age was a substantial or motivating factor in LINCOLN COLLEGE's offered terms and conditions of continued employment and LINCOLN COLLEGE's termination of ROOP.

## VI. DAMAGES

26. Due to LINCOLN COLLEGE's willful violation of the Age Discrimination in Employment Act, Plaintiff ROOP has suffered loss of employment, wages, benefits and other compensation.

## VII. DEMAND FOR JURY TRIAL

27. Plaintiff ROOP demands trial by jury in this cause.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff NANCY ROOP prays for judgment against the Defendant, awarding Plaintiff:

A. back pay, with benefits, from the date of termination to present;

B. front pay, with benefits, from the date of judgment until the date Plaintiff would have stopped working;

C. an award for liquidated damages, attorney's fees and costs and any other relief this Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT

## I. NATURE OF THE ACTION

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §101 et seq. to enjoin and obtain damages resulting from Defendant's unauthorized use of materials and curriculum which use infringes on one or more copyrights of Plaintiff. Copies of the Certificate of Registrations are attached as Exhibit B and Exhibit C.

2. On July 2, 2007, Copyright TXu1-363-891 and Copyright TXu1-363-892 were duly and legally issued by the United States Copyright Office. Plaintiff is the owner of both copyrights.

3. Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe on Plaintiff's copyrights. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of the copyrights.

4. This action for copyright infringement involves Defendant's copying, reproduction, and use of Plaintiff's curriculum and materials for a bachelor of science in Tourism, Sport and Hospitality Management program.

5. Plaintiff has been irreparably harmed by Defendant's infringement of her copyrights rights. Moreover, Defendant's unauthorized, infringing copying, reproduction and use of Plaintiff's copyrighted materials has threatened the value of this property because Defendant's conduct results in Plaintiff's loss of its lawful copyrights to exclude others from using the materials.

6. Unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## II. PARTIES

7. The Plaintiff, NANCY ROOP, is a citizen of the United States and a resident of Normal, Mclean County, Illinois.

8. The Defendant, LINCOLN COLLEGE is a corporation recognized under the statutes of this State and authorized to transact business in the State of Illinois.

## III. JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. §§1338(a) and 28 U.S.C. 1331.

## IV. VENUE

10. Venue is properly placed in the Central District of Illinois under 28 U.S.C. §1391(b) as the Plaintiff resides in McLean County, the Defendant does business in counties in the Central District of the State of Illinois and the acts complained of occurred in Normal, McLean County, Illinois.

## V. FACTUAL ALLEGATIONS

11. Defendant copies, reproduces and uses materials, products and/or processes that infringe directly and/or indirectly on one or more of the rights of Plaintiff's copyrights attached as Exhibit B and Exhibit C.

12. Plaintiff discovered Defendant copying, reproducing and using her copyrighted materials in or around the summer of 2007.

13. Defendant has been and continues infringing one or more of the property rights of Plaintiff's copyrights through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of her lawful copyrights to exclude others from using the materials and curriculum.

14. Plaintiff is entitled to recover damages adequate to compensate for the infringement(s).

15. Defendant's infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the copyrights, and unless enjoined by this Court, such acts of willful infringement by Defendant will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate her for the infringement of the copyrights as well as additional damages for willful infringement,

including increased damages, attorneys' fees and costs in prosecuting this action under 17 U.S.C. §505.

## VI. DEMAND FOR JURY TRIAL

16. Plaintiff ROOP demands trial by jury in this cause.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NANCY ROOP, prays for judgment against Defendant granting Plaintiff relief as follows:

A. That this Court adjudge and decree that the copyrights are valid and enforceable against Defendant;

B. That this Court adjudge and decree that the materials and curriculum used by Defendant are substantially similar to the copyrighted materials and curriculum;

C. That this Court adjudge and decree that Defendant has infringed and continues to infringe on the copyrights;

D. That this Court grant injunctions enjoining the aforesaid acts of infringement by Defendant, Defendant's officers, agents, servants, employees, subsidiaries, and those acting in concert with Defendant;

E. That this Court enter an award to Plaintiff of such statutory damages or actual damages that are adequate to compensate Plaintiff for said infringement, said damages to be no less that the profits made by Defendant in using the copyrighted materials in its bachelor program;

F. That this Court enter an award granting reasonable attorneys' fees and costs to Plaintiff; and

8

G.  That this Court grant to Plaintiff such other and further relief as may be just and proper.

Respectfully Submitted,

NANCY ROOP, Plaintiff

BY: s/Carrie L. Borowski
Carrie L. Borowski, Bar No. 6281053
Attorney for Plaintiff
Costigan & Wollrab, P.C.
PO Box 3127
Bloomington, Illinois 61702-3127
Phone:  (309) 828-4310
Fax:     (309) 828-4325
cborowski@cwlawoffice.com